NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0622n.06
Filed: August 27, 2007

No. 05-4569

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| STEPHEN C. JACKSON, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BATCHELDER and DAUGHTREY, Circuit Judges, and ROSEN,[*] District Judge.

**PER CURIAM.** The defendant, Stephen Jackson, entered guilty pleas to one count of car-jacking, two counts of armed bank robbery, and two counts of brandishing a firearm in relation to a crime of violence. As part of his plea agreement with the government, he reserved the right to appeal the district court's denial of his motions to suppress evidence seized in connection with his arrest and with the later execution of a search warrant at his residence. Based on the record on appeal, we conclude that Jackson's arrest was supported by probable cause and that evidence turned up in the wake of his valid arrest

---

[*]The Hon. Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

created probable cause to support the issuance of a search warrant for his apartment. We therefore affirm the district court's judgment.

That record establishes that the defendant was arrested late one night while extracting several hundred dollars worth of quarters from a change machine located at a car wash. A patron of the car wash had notified a police officer on routine patrol of suspicious activity, saying that he had observed a man spend a long period of time at the change machine. Patrolman Gary Malloy went to the car wash to investigate and watched the suspect, who turned out to be defendant Jackson, feeding dollar bills into the machine with a latex-gloved left hand and, with his right hand, stuffing the coins into the pocket of his jacket, which was sagging noticeably from their weight.

Observing the defendant's activities, Malloy came to the conclusion that Jackson was "defrauding the machine," probably by laundering counterfeit bills. When the defendant was unable to give the officer a satisfactory explanation for his conduct, Malloy took him into custody. Jackson tried to get away but was quickly apprehended and later consented to a search of his vehicle, parked at some distance from the car wash. In the car, police found dye-stained bills that they suspected were part of the proceeds of a bank robbery committed earlier the same day. Based on that evidence, they secured a search warrant for Jackson's residence, where they subsequently seized more dye-stained bills and other items related to the bank robbery.

   The district court considered the totality of the circumstances in ruling that Officer Malloy had probable cause to arrest the defendant.   Those circumstances included: the report from the motorist who flagged down Officer Malloy to report suspicious activity at the car wash; the time of night, which was after 11 p.m.; Jackson's presence at the car wash ostensibly without a car to wash; the relatively long amount of time Jackson had been at the machine; the inordinately large number of quarters he had amassed; Jackson's inability to produce proper identification; his evasiveness and nervousness when asked questions; his inability to provide a plausible explanation for his activities; and the latex glove that Jackson wore on his left hand – the hand in contact with the money that he was feeding into the machine – which the officer took to be an attempt by the defendant to avoid leaving fingerprints on the bills.  The district court found, correctly we conclude, that these facts gave rise to probable cause to arrest the defendant for the offense, as characterized by Officer Malloy, of "defrauding the change machine."

   The district court also found that discovery of the dye-stained money in Jackson's car, parked nearby, indicated that Jackson was probably involved in the bank robbery earlier that same day, supplying valid grounds for the issuance of a search warrant for his residence.  Execution of a search warrant at his apartment led to the seizure of additional proceeds of the bank robbery.  Given the evidence tending to connect the defendant to the bank robbery, including the discovery of some but not all of the money taken from the bank, it was reasonable to assume that the remainder might be found at the defendant's

residence, thereby creating a nexus sufficient to establish probable cause for the issuance of the warrant.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying the defendant's motions to invalidate his arrest and to suppress the evidence seized from his apartment. Because the reasons for the denial of those motions have been fully articulated by the district court in an opinion setting out the pertinent facts and a well-developed legal analysis, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order dated March 7, 2005.